**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**


MATTHEW S. GURULE,

              Plaintiff,


v.                                                                No. CIV 09-157 LFG/LAM


AGENT DOUGLAS SLAVENS,
New Mexico Department of Public Safety,

              Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Douglas Slavens' ("Slavens") Motion to Dismiss Plaintiff's Official Capacity Claims, filed March 23, 2009. [Doc. 6.] Plaintiff Matthew S. Gurule ("Gurule") did not file a response in opposition to the motion to dismiss, and the time for doing so has passed.  After careful consideration of the pertinent law and the motion to dismiss, the Court concludes that any official capacity claims brought against Slavens will be dismissed, with prejudice.

Gurule's complaint for civil rights violations is brought under 42 U.S.C. § 1983. [Doc. 1, ¶ 3.] Under paragraphs 2 and 12[1] of the complaint, Gurule alleges that Slavens acted in his official capacity in purportedly violating certain constitutional rights.

---

[1]The complaint contains two paragraphs that are numbered "12."  The Court refers to the second paragraph #12. [Doc. 1.]

"In order to state a [42 U.S.C.] § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (*quoting* West v. Atkins, 487 U.S. 42, 48 (1988)). In Will v. Michigan Dept. of State Police, (1989), the United States Supreme Court held that state officials "acting in their official capacities" are outside the class of "persons" subject to liability under 42 U.S.C. § 1983. Hafer v. Melo, 502 U.S. 21, 23 (1981).

Because Gurule brings claims against Slavens in his official capacity as an employee of a state agency, those claims are, in essence, brought against the state. The Eleventh Amendments bars suit against the state or a state official sued in his official capacity.

> The Eleventh Amendment bars a suit for money damages against a state by its own citizens. Edelman v. Jordan, 415 U.S. 651, 662-63, (1974). This immunity from suit extends to the state's agencies and officers. *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The rule recognizes that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Rouse v. Colorado State Bd. of Parole, 242 F. App'x 498, 500 (10th Cir. Jul. 9, 2007) (unpublished opinion).

IT IS THEREFORE ORDERED that Defendant Slavens' Motion to Dismiss all claims brought against him in his official capacity is granted, with the result that the official capacity claims are dismissed, with prejudice. All remaining claims brought against Defendant Slavens in his personal capacity will proceed.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge